# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
APR 15 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.
Parcel #9505-5104-5183-3100-5818-13 to Denise )
Henlon, 1606 First Street, Youngstown, Ohio 44509 )

'13 MJ 1 4 8 1

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Parcel #9505-5104-5183-3100-5818-13 to Denise Henlon, 1606 First Street, Youngstown, Ohio 44509, which is in the custody of the US Postal Inspection Service in San Diego, California.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:
Controlled substances, materials, and documents reflecting the distribution of controlled substances through the US Mails, including money paid for controlled substances, in violation of Title 21, U.S.C., Sections 841(a)(1), 843(b), and 846.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, Sections 841(a)(1), | Distribution controlled substances |
| 843(b), | Use of the US Mails |
| 846. | Conspiracy |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ana Flores, US Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/12/13

_____
*Judge's signature*

City and state: San Diego, California     WILLIAM MCCURINE JR, U. S. Magistrate Judge
*Printed name and title*

AFFIDAVIT FOR SEARCH WARRANT

I, Ana Flores, being duly sworn hereby depose and state:

1. I am a United States Postal Inspector currently assigned to the San Diego Field Office of the Postal Inspection Service and my duties include investigating violations of the Drug Abuse Prevention and Control Act.

2. This affidavit is submitted in support of an application for a search warrant for the following two US Mail Parcels, which were both mailed at the same time, and by the same individual on April 10, 2013. The two parcels are hereinafter referred to as Parcel #1 and Parcel #2 and further described as follows:

- Parcel #1: Tracking # 9505-5104-5183-3100-5813-56, addressed to "Jennifer Clarke, 1129 Verona Ave., Youngstown, Ohio 44506". The parcel listed the return information of "Olivia Jones, 3133 Sweetwater Spring Blvd #126, Spring Valley, CA 91978;"

- . Parcel #2: Tracking # 9505-5104-5183-3100-5818-13, addressed to "Denise Henlon, 1606 First Street, Youngstown, Ohio 44509". The parcel listed the return information of "Olivia Jones, 3133 Sweetwater Spring Blvd #126, Spring Valley, CA 91978."

Agents Training and Expertise

3. I am a Postal Inspector employed by the United States Postal Inspection Service (USPIS) and have been so employed for about 10 years. I am also a Special Deputy with the San Diego Sheriff's Department currently assigned to work drug trafficking investigations with the DEA's Narcotics Task Force and have been so assigned for about 8 years. During this time, I have investigated illicit controlled substance trafficking in San Diego and surrounding areas. I have had formal training and experience in controlled substance investigations and I am familiar with the manner in which controlled substances are

packaged, marketed, and consumed.

4. I have received training in the identification of all types of controlled substances by sight and odor. I have investigated hundreds of persons involved in narcotics trafficking and have made in excess of 50 arrests for violations involving controlled substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substance slang and jargon, and I am familiar with the manners and techniques of traffickers as practiced locally. I have also investigated individuals who have used US Postal Money Orders, commercial money orders and other types of negotiable instruments to launder the proceeds of illegal narcotics. In the course of my employment, I have learned that documents (including ledgers and lists of customers) and currency used by narcotics traffickers are often exposed to narcotics and therefore emit the odor of narcotics. Moreover, documents – including money orders – and currency are often included with shipments of narcotics.

5. The information in this affidavit is based upon information I have gained from my investigation, my personal observations, my training and experience as well as information related to me by other Postal Inspectors and law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.

Details of Investigation

6. On April 10, 2013, I was contacted by an employee from Casa de Oro Post Office in Spring Valley, California, who advised that two suspicious parcels were mailed from that location. The parcels were suspicious because they were similar in size, shape and weight to other parcels identified in previous investigations which were seized by Postal Inspectors and found to contain controlled substances.

7. I conducted an exterior inspection of the parcels and observed the seams on both parcels were sealed with brown shipping tape. I know from my training and experience that drug trafficking will seal the seams of parcels in an effort to prevent the odor of controlled substances from emanating from within the parcels.

8. Utilizing Accurint, a law enforcement database, I conducted a name and address inquiry of the sender information, which was the same for both Parcels #1 and #2, which was listed as "Olivia Jones, 3133 Sweetwater Spring Blvd., #126, Spring Valley, CA 91978, and determined the address was valid, but the name could not be associated to anyone at that location.

9. I also conducted a name and address inquiry of the addressee information for Parcel #1, which was listed as "Jennifer Clarke, 1129 Verona Ave., Youngstown, Ohio 44506" and determined the address was valid, but the name could not be associated to anyone at that location.

10. I then, conducted a name and address inquiry of the addressee information for Parcel #2, which was listed as "Denise Henlon, 1606 First Street, Youngstown, Ohio 44509" and determined the address was valid, but the name could not be associated to anyone at that location.

11. On April 11, 2013, I met with San Diego Police Detective Michael Aiken, who is also assigned to the San Diego County Integrated Narcotics Task Force, and his trained narcotic detection canine, Reilly, at the San Diego Postal Inspectors Field Office. Detective Aiken and canine Reilly conducted an exterior inspection of the subject parcels. When canine Reilly examined the subject parcels described above, Detective Aiken advised that canine Reilly alerted to the presence of the odor of controlled substances on the parcels. The qualifications of canine Reilly, is Attachment A. I secured the subject parcels pending an application for a search warrant.

12. Based on the facts set forth in this affidavit, I submit that there is probable cause to believe controlled substances and/or materials and documents reflecting the distribution of controlled substances is being concealed in the subject parcel as described above and seek the issuance of a search warrant

3

directing the search of the parcels as described above and the seizure of the parcels, controlled substances and/or materials and documents reflecting the distribution of controlled substances, all in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

_____
Ana Flores
Postal Inspector

Sworn to before me, and subscribed in my presence, on this

12th Day of April, 2013.

_____
WILLIAM MCCURINE JR, U. S. Magistrate Judge

**ATTACHMENT A**

**For SDPD Detective Aiken and SDPD K-9 Reilly**

Michael Aiken, ID #4670 is a San Diego Police Department (SDPD) Detective currently assigned to the San Diego County Integrated Narcotic Task Force (NTF) and deputized as a Federal Task Force Officer (TFO). Detective Aiken has been a police officer for over twenty two (22) years and has been assigned as a full time narcotics investigator for the past sixteen (17) years, including the past (11) eight years at the Narcotic Task Force. Detective Aiken has worked as a narcotic detection dog handler since November 2009. Detective Aiken is a member of both the California Narcotics Officers Association (CNOA) and the California Narcotics Canine Association (CNCA).

During his career Detective Aiken has participated in several hundred controlled substance investigations ranging from simple possession cases to highly complex international narcotic trafficking conspiracies. Detective Aiken has received in excess of 500 hours of formal training and has extensive experience in controlled substances investigations, particularly involving marijuana, methamphetamine, cocaine and heroin. Detective Aiken has also purchased a variety of controlled substances while working in an undercover capacity.

Detective Aiken has been recognized as a narcotics expert by the San Diego Superior Courts of the County of San Diego and has testified as such on numerous occasions. Detective Aiken is very familiar with the manner in which controlled substances are packaged, marketed and consumed. Detective Aiken has received formal training and field experience in the identification of

all types of controlled substances, particularly those mentioned above, by sight and odor.

In August 2009, canine "Reilly," ID# C-1155 was assigned to SDPD Detective Aiken for the purpose of narcotic detection. Prior to Reilly being assigned to work with Detective Aiken, Reilly was assigned and worked with SDPD Detective Sloan. Detective Sloan is the President, trainer and certifying official for the California Narcotic Canine Association (CNCA). Reilly was originally certified in 2005 and worked with Detective Sloan until 2009, when Reilly was transferred to Detective Aiken.

On December 18, 2009, Detective Aiken and Reilly completed the San Diego Police Department Narcotic Canine Detection Academy. The academy consisted of two hundred and eighty (280) hours of training in the detection of marijuana, methamphetamine, cocaine and heroin. Reilly was subsequently certified proficient in the detection of same by SDPD K-9 senior trainer and certifying official, Officer William Ellithorpe. On March 17, 2011, Reilly was recertified by SDPD K-9 trainer and certifying official, Officer Pete Caruso. On August 15, 2012, Reilly was again recertified by SDPD K-9 trainer and certifying official, Officer Willie Webster. Detective Aiken and Reilly also maintain an ongoing and rigorous training routine to ensure Reilly maintains his proficiency.

Reilly's alert consists of physical and mental reactions, which include a heightened emotional state, and coming to a complete "sit" when his physical position allows. Since being certified with Detective Aiken, Reilly has alerted one-hundred

and ninety (190) times and seventy (70) search warrants have been obtained based on his alerts. Reilly also alerts on many occasions when controlled substances are seized when a search warrant is not required, has already been obtained or consent is obtained.

SDPD Detective Aiken and Reilly have been involved in training exercises where known controlled substances, containers, or paraphernalia were hidden. Because of the absorption of the odor, and the narcotics detection dog's inherently keen sense of smell, the narcotic detection dog will continue to alert on the container or item depending on the length of exposure to the controlled substance, the specific controlled substance, and ventilation of the item or container.

In instances where Reilly has alerted and no controlled substances were found, it is not possible to know whether or not those instances constituted what is often, but incorrectly referred to as a "false alert." A dog's keen sense of smell can pick up the odor of controlled substances which may have been in the item but have since been removed. It can also pick up the odor of controlled substances which may have been the hands of the person who packaged or handled the item. In any case, such instances of alerts where no controlled substances were found cannot be said to be "false alerts."

The common belief is all currency in circulation is contaminated with narcotics. It has been the experience of

3

Detective Aiken and narcotic canine experts that a properly trained narcotic detection canine will not alert to all currency. Detective Aiken has witnessed searches of parcels and other items containing U.S. currency by trained narcotic detection canines, including Reilly, when no alert was given. It has been Detective Aiken's experience the training must include the establishment of a lower threshold of approximately one gram of odor or more to ensure the canine is alerting to more than average contamination. Average contamination is reported to occur through normal handling.

    The canine must also be proofed from numerous odors on a regular basis to maintain consistency. These have included food, plastic bags and wrap, tape, controlled substance adulterants, un-circulated US Currency, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert.